2011 UT App 47

**Fletcher STUMPH, Plaintiff and Appellant,**

v.

**Jean HURST and Kimberlee Everhart, Defendants and Appellees.**

No. 20100397–CA.

Court of Appeals of Utah.

Feb. 17, 2011.

Fletcher Stumph, Salt Lake City, Appellant Pro Se.

Before Judges ORME, VOROS, and CHRISTIANSEN.

DECISION

PER CURIAM.

¶ 1 Fletcher Stumph appeals the district court's minute entry dismissing his complaint. We affirm.

¶ 2 Stumph filed his complaint in the Third District Court on September 18, 2009. Pursuant to rule 4 of the Utah Rules of Civil Procedure, when an action is commenced by filing a complaint in district court, "the summons together with a copy of the complaint shall be served no later than 120 days after the filing of the complaint." Utah R. Civ. P. 4(b)(i). Accordingly, to be timely served, Stumph's complaint must have been served on the defendants no later than January 16, 2010.

¶ 3 The record shows, however, that the complaint itself was not served at any time before the dismissal of the action on April 30, 2010. A summons was issued and was served along with several three-day notices to quit. The return of service filed in the district court on November 4, 2009, states that the documents served on the defendants were the three-day notices, the lease and lease addendums, and a military service declaration. It does not indicate that the complaint was served.[1] If a complaint is not timely served, "the action shall be dismissed, without prejudice." *Id.* The rule language is mandatory. Accordingly, because the complaint was not served, the district court did not err in dismissing the action for failure to timely serve the complaint.

¶ 4 Affirmed.

---

1. Stumph attached to his brief a return of service with a check mark showing the complaint as being served with the rest of the documents. However, the original return of service in the district court record does not show that the complaint was served. The district court record is the official record for review by this court. *See* Utah R.App. P. 11(a).